ORIGINAL



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 15 2006

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| WILFORD VOGT, et al., for themselves and all others similarly-situated, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:05-CV-2244-L |
| TEXAS INSTRUMENTS INCORPORATED, | § § § | |
| Defendant. | § § | |

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR ENTRY OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendant Texas Instruments Incorporated ("TI") requests that this Court enter a temporary restraining order and, subsequently, a preliminary injunction against Plaintiffs, and would respectfully show the Court as follows:

### I.
### INTRODUCTION

In this wage and hour collective action, the Court has not yet determined to whom notice of the lawsuit should be mailed or the contents of a balanced and unbiased notice. Indeed, the parties are still involved in submitting briefs to the Court about the composition of the putative class and the content of the proposed notice.

In the midst of this process, however, Plaintiffs' counsel unilaterally mailed his form of a proposed notice to the home addresses of an untold number of TI employees, whose identity appears to have been obtained from a confidential employee roster. Plaintiffs and their counsel have intentionally chosen to circumvent the established court-supervised procedures for issuing

a fair, accurate and neutral notice by sending an *ex parte* communication aimed at preempting TI's and this Court's input into the content and recipients of the notice.

In essence, Plaintiffs have rendered moot the entire process that they initiated for having the parties and the Court determine the recipients and the contents of the notice. Plaintiffs' brazen conduct obviates the need for any further class notice,[1] and entitles TI to a temporary restraining order and preliminary injunction (a) prohibiting any further unapproved, *ex parte*, communications between Plaintiffs' counsel and prospective class members, and (b) requiring the return of all employee rosters obtained from TI that are now in the possession of Plaintiffs or their counsel.

## II.
## FACTUAL BACKGROUND

1.      Plaintiffs Wilford Vogt and James Gauthier filed this lawsuit on November 15, 2005, on behalf of themselves and all others similarly situated to recover alleged unpaid overtime.

2.      On February 13, 2006, Plaintiffs filed their Motion to Facilitate § 216(b) Notice (the "Motion"), requesting that this Court enter an order allowing Plaintiffs to send notice to a defined group of TI employees.

3.      TI filed its Response in Opposition to Plaintiffs' Motion (the "Response") on April 7, 2006. TI's Response pointed out several deficiencies in Plaintiffs' proposed notice and the potential class members.   To remedy these shortcomings, TI proposed a notice that (i) includes a more fair, balanced description of both parties' positions in this matter and (ii) more fully informed potential class members of the obligations associated with this lawsuit. The

---

[1] This issue is addressed in TI's Response to Plaintiffs Motion to Facilitate § 216(b) Notice.

Response also pointed out numerous groups of employees that were not similarly situated to Plaintiffs.

4.     Despite Plaintiffs' request that this Court supervise and mandate the notice procedure, Plaintiffs have sent numerous harassing *ex parte* communications and solicitations to TI employees, urging them to join this lawsuit, all without the approval or authorization of TI or this Court.

5.     These communications have consisted of letters and e-mails to TI employees. Since these communications have not been approved or sanctioned by the Court, it is not surprising that the communications have contained numerous deceptive and misleading statements, including the blatant implication that TI has already been found to have violated the Fair Labor Standards Act.[2]

6.     TI recently learned that, on May 1, 2006, Plaintiffs' counsel sent an unauthorized written solicitation to an unknown number of TI employees.[3] Other than placing the word "ADVERTISEMENT" at the top of the solicitation and adding a statement regarding how Plaintiffs' counsel obtained the identity and contact information for the recipients, this "advertisement" is identical to the notice that Plaintiffs sought court permission in their Motion to send to prospective class members.[4]  Notably, however, this "advertisement" does not include any of the more balanced and proper language presented in TI's proposed notice.[5]

7.     The May 1 "advertisement" made it apparent for the first time that Plaintiffs and/or Plaintiffs' counsel are in possession of an unknown number of employee rosters from

---

[2] *See* Def. App. at 001, 004 (Gaines Declaration and Exhibit "A" attached thereto), and Def. App. at 007-008 (Tamez Declaration and Exhibit "A" attached thereto).

[3] *See* Def. App. at 009-013 (Weis Declaration and the "advertisement" attached thereto as Exhibit "A").

[4] *Id.*

[5] *Id.*

unknown sources. Specifically, it states that Wilford Vogt and/or Robert Flatt obtained and disclosed "a roster of employees in the various fabrication plants in Dallas, Texas."[6] While TI has no way of knowing the extent of the information contained in the employee roster(s), at a minimum, it is evident that if the rosters were obtained from TI, they constitute TI's confidential and proprietary information, as set forth in its "Management and Deployment of Proprietary Information" policy.[7]

8.      Without a temporary restraining order and preliminary injunction, Plaintiffs and their counsel will likely continue to use the employee rosters for the unauthorized purposes of sending biased, *ex parte* communications to potential class members.

### III.
### ARGUMENTS & AUTHORITY

**A.      Plaintiffs Have Wholly Circumvented The Court-Supervised Process For Ensuring An Impartial and Neutral Notice Is Directed To The Appropriate Individuals.**

Plaintiffs' own Motion acknowledges that, in an FLSA collective action, "courts are afforded the power to give notice to other potential class members to 'opt in' to Plaintiffs' case."[8] Moreover, Plaintiffs' Motion concedes that, "[A] court authorized notice protects against 'misleading communications' by the parties [and] resolves the parties' disputes regarding the content of any notice. ..."[9] Indeed, courts are afforded the power to oversee this process because they have a "responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation." [10]

---

[6] *Id.*

[7] *See* Def. App. at 014 (Howard Declaration, ¶ 3).

[8] *See* p. 14 of Plaintiffs' Motion, citing *Dybach v. State of Florida Dept. of Corrections*, 942 F.2d 1562, 1567 (11th Cir. 1991).

[9] *Id.*, citing *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170-72, 110 S. Ct. 482 (1989).

[10] *Hall v. Burk*, No. Civ. 3:01cv2487, 2002 WL 413901, *3 (N.D. Tex. March 11, 2002).

Despite requesting this Court's involvement in determining the appropriate recipients and the content of the collective action notice, and despite their own acknowledgements of the rationale and protections afforded by court supervision, Plaintiffs continue to distribute and circulate misleading and prejudicial *ex parte* communications to TI employees. Putting aside the likely fact that there could be numerous communications of which TI is wholly unaware, Plaintiffs have engaged in a continuous and consistent course of conduct of transmitting biased, unilateral communications to TI employees (e.g., sending letters and e-mails, and posting and/or distributing communications at TI's facilities).[11] Most distressing and problematic, Plaintiffs' counsel recently began sending a letter that is virtually identical to the notice proposed in Plaintiffs' Motion to the homes of TI's employees.[12]

Plaintiffs' tactics clearly are an effort to preempt any adverse ruling that this Court may issue with respect to their proposed recipients and content of the notice. Rather than wait and risk the likelihood that this Court will modify the notice to make it more fair and balanced, Plaintiffs decided to do an "end run" around the process by sending their own form of notice to an untold number of TI employees. Further, it is quite possible that the "advertisement" was sent to individuals who are not or will not be included in the conditionally certified "class" of individuals, because the Court may rule they are not similarly situated to Plaintiffs.

In summary, Plaintiffs have wholly circumvented the process put in place for the Court and the parties to collaboratively determine the contents and recipients of the notice. Moreover, they have completely undermined the purpose of this process that is designed to avoid the unwarranted stirring up of litigation and to eliminate misleading, biased communications in

---

[11] *See* Def. App. at 001, 004 (Gaines Declaration and Exhibit "A" attached thereto), and Def. App. at 007-008 (Tamez Declaration and Exhibit "A" attached thereto).

[12] Pls.' Reply at 5 (referring to the "Previous Letter Notice of May 5, 2006"). *See also* Def. App. at 009-013 (Weis Declaration and the "advertisement" attached thereto as Exhibit "A").

favor of issuing a neutral, balanced notice to only those individuals who the Court deems are similarly situated.

**B.** **Plaintiffs And Their Counsel Are Apparently Using TI Employee Rosters To Obtain The Home Addresses To Which The Unauthorized and Harassing Communications Were Sent.**

According to the "advertisement," Plaintiffs' counsel learned the identity and perhaps contact information of the TI employees to whom they mailed the "advertisement" because his clients, Wilford Vogt and/or Robert Flatt, obtained and disclosed "a roster of employees in the various fabrications plants in Dallas, Texas."[13] This information constitutes TI's confidential information pursuant to its Management and Deployment of Proprietary Information policy, which identifies employee assignment lists and organizational charts as "Proprietary Information." Moreover, when TI's employees provide their personal contact information to TI, they do so with an expectation of confidence and assurances that such information is to be used for TI business purposes only. Yet Plaintiffs and their counsel have misused TI's confidential information and invaded the privacy of these employees by sending unsolicited and unauthorized communications aimed at harassing them into joining a lawsuit promulgated by Plaintiffs and Plaintiffs' counsel.

**C.** **A Temporary Restraining Order And Preliminary Injunction Are Warranted To Prevent Further Unauthorized *Ex Parte* Communications.**

This Court need look no further than to the Eastern District of Texas for guidance on what to do in this situation. In a very similar case, the Eastern District of Texas enjoined future *ex parte* communications with prospective members of an FLSA class. *Belt v. Emcare, Inc.*, 299 F. Supp. 2d 664 (E.D. Tex. 2003). "[B]ecause of the potential for abuses in collective actions, *such as unapproved, misleading communications* to absent class members, 'a district court has both

---

[13] *See* Def. App. at 010 (Exh.. "A" to Weis Declaration).

the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties.'" *Id.* at 667 (emphasis added), *quoting Gulf Oil Co. v. Bernard,* 452 U.S. 89, 100, 101 S. Ct. 2193 (1981).

In *Belt,* the defendant drew the court's ire by sending out a "misleading" communication shortly before the court-mandated notice was to be sent to the prospective FLSA class members. *Belt,* 299 F. Supp. at 669. Judge Davis sanctioned the defendant and its counsel, and enjoined any future *ex parte* communications with potential class members, in part because "Defendants intentionally attempted to subvert both the Court's role in this collective action and the Court's approved notice by unilaterally sending a misleading and coercive letter to potential class members." *Id.* at 669-70.

The circumstances here are very similar to those in *Belt.* In *Belt,* the parties were on the cusp of sending court-approved notice to prospective class members when one of the parties sent a unilateral, biased and unbalanced communication to the same members. Similarly here, the parties are close to concluding the briefing process aimed at determining the putative class members to whom notice should be mailed, as well as the content of the notice. Rather than wait for this process to be completed, Plaintiffs' counsel has subverted the Court's involvement by unilaterally sending a misleading communication designed to coerce the recipients into joining the lawsuit. Thus, potentially all prospective class members have been unfairly prejudiced by Plaintiffs' counsel's biased, unilateral "notice."

Consequently, TI requests that the Court grant a temporary restraining order and an order to show cause why it should not enter a preliminary injunction. In recognition of the legal authority requiring a narrowly tailored restraint that limits communications between

parties and potential class members,[14] TI requests a temporary restraining order preventing Plaintiffs and their attorneys, agents, servants, successors and assigns, and all persons acting in concert or participation with Plaintiffs or acting on their behalf or at their direction from:

(a) sending the "advertisement" attached as Exhibit A to the Weis declaration to any other past or present TI employees; and,

(b) sending any other *ex parte* communications to past or present TI employees (other than those that have already joined the lawsuit) regarding this lawsuit that are not authorized or approved by this Court, including letters, flyers, posters, cards, e-mails or other written communications either sent directly to the recipients or posted anywhere on TI property.

TI further requests that this Court enter an order requiring Plaintiffs to:

(a) provide TI with a list of the individuals to whom Plaintiffs' counsel sent the "advertisement" attached as Exhibit A to the Weis declaration, as well as any contact information Plaintiffs or their counsel possess for those individuals;[15] and,

(b) return to TI the original, all hard copies, and any disks containing any employee roster or other list identifying TI's employees and any of their contact information, as well as destroy all other electronic or digital copies stored on any hard drive or computer device.

TI requests that, upon hearing, the relief requested above in the form of a temporary restraining order be issued in the form of a preliminary injunction that prohibits the conduct set forth above through the time of trial.

## IV.
## CONCLUSION

For the foregoing reasons, Defendant Texas Instruments Incorporated requests that this Court enter a temporary restraining order as requested above, and that subsequently a preliminary injunction be entered against Plaintiffs, Plaintiffs' counsel and those in active concert or participation with them.

---

[14] *Gulf Oil*, 452 U.S. 89, 100.

[15] Rule 7.05(e) of the Texas Disciplinary Rules of Professional Conduct requires counsel to retain, for any written solicitation communication, the name and address to which each such communication was sent and the means by which such communication was sent for four (4) years after its dissemination.

Dated: May 15, 2006

Respectfully submitted,

**FISH & RICHARDSON P.C.**

By: _____

Stephen E. Fox
Texas Bar No. 07337260
Thomas M. Melsheimer
Texas Bar No. 13922550
Robert L. Rickman
Texas Bar No. 24013400
Elizabeth M. Bedell
Texas Bar No. 24045469

1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: 214-747-5070
Telecopy: 214-747-2091

Of Counsel:
Theresa A. Couch
Texas Bar No. 04875700
Sarah A. Donch
Texas Bar No. 24002003

**Counsel for Defendant,
TEXAS INSTRUMENT INCORPORATED**

## CERTIFICATE OF CONFERENCE

Defendant's counsel is hand delivering a copy of this document to Plaintiff's counsel contemporaneously with its filing. Upon being notified of the Court's availability for hearing any oral arguments on this matter, Defendant's counsel will notify Plaintiff's counsel of the date and time for the hearing so that Plaintiff's counsel will have an opportunity to appear and be heard on this matter.

_____
Counsel for Defendant

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR ENTRY OF
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION – Page 9**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served, *via hand delivery* upon Plaintiffs' counsel of record, David K. Watsky, GILLESPIE, ROZEN, WATSKY, MOTLEY & JONES, P.C., 3402 Oak Grove Avenue, Suite 200, Dallas Texas 75204, on this the 15th day of May, 2006.

_____
Counsel for Defendant