IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILFORD VOGT, | § | |
| JAMES P. GAUTHIER, and | § | |
| HUMBERTO REYNA, JR., | § | |
| for themselves and all others | § | |
| similarly-situated, | § | Civil Action No. 3:05-CV-2244-L |
| | § | |
| Plaintiffs, | § | ECF |
| | § | |
| v. | § | |
| | § | |
| TEXAS INSTRUMENTS | § | |
| INCORPORATED, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S MOTION FOR ENTRY OF
PROTECTIVE ORDER AND BRIEF IN SUPPORT**

Defendant Texas Instruments Incorporated ("TI" or "Defendant") files this Motion for Entry of Protective Order and, in support thereof, respectfully shows the Court as follows:

**I. INTRODUCTION**

Discovery in this case will involve the disclosure of highly confidential personnel information and proprietary business information. Plaintiffs are not opposed to the entry of a protective order limiting the disclosure of this information. The parties disagree, however, as to how the documents must be filed in the event that a party wishes to use this highly confidential and proprietary information in Court filings. Specifically, TI vigorously contends that such information should be filed under seal, while Plaintiffs contend that even this highly confidential information should be made available to the public during the course of this litigation. Because TI believes a provision requiring confidential information to be filed under seal is necessary to effectuate the very purpose of the protective order, TI files this motion requesting the entry of its proposed Protective Order, attached hereto as Exhibit "A."

## II. FACTUAL BACKGROUND

Plaintiffs Wilford Vogt, James P. Gauthier, and Humberto Reyna, Jr., on behalf of themselves and all other similarly situated (collectively "Plaintiffs") filed suit against TI, alleging that TI has failed to pay overtime wages for time certain classes of "cleanroom" employees spend donning and doffing cleanroom attire, walking to and from the changing area to their work stations, and attending pass down briefings at the end of their work day. (Pls.' Am. Compl. at ¶¶ 3-9).

Discovery in this case will involve the disclosure of TI's confidential and proprietary business information and highly confidential information concerning its employees. For example, Plaintiff's document requests seek the disclosure the personnel files and payroll records for all the Plaintiffs and individuals who have consented to join this action. (Pl.'s Req. Produc. Nos. 6, 16, attached hereto as Exhibit "B"). Plaintiffs' document requests also seek the production of TI's policies and procedures and organizational charts. (*Id.* at Nos. 8, 12-14).

To facilitate the production of this information, TI crafted a "two tier" protective order based on the form protective order used in the United States District Court for the Western District of Texas, with few exceptions due to the collective action nature of this case. TI's proposed protective order permits parties to designate certain information as "Confidential" or "Attorneys' Eyes Only." *See* Protective Order at ¶¶ 2, 11-12, Ex. A. Disclosure of "Confidential" information is limited to counsel, party representatives, recipients or authors of the information, and experts and deposition witnesses who agree to the terms of the protective order, while disclosure of "Attorneys' Eyes Only" information is limited to counsel, experts, and the person to whom certain personnel information relates. *Id.* at ¶¶ 6-7. TI's proposed order also provides a clear mechanism for resolving disputes concerning the designation of information if a party believes its disclosure should not be limited. *Id.* at ¶ 10.

Counsel for Plaintiffs initially indicated Plaintiffs were opposed to multiple provisions in the order. *See* 6/15/06 Correspondence from David K. Watsky to Elizabeth M. Bedell, attached hereto as Exhibit "C." After further conference, however, Plaintiffs' counsel indicated that Plaintiffs would agree to all provisions except Paragraph 13, which requires that confidential information be filed with the Court only under seal. *See* 6/30/06 Correspondence from Elizabeth M. Bedell to David K. Watsky, attached hereto as Exhibit "D"; 7/3/06 Correspondence from David K. Watsky to Elizabeth M. Bedell, attached hereto as Exhibit "E."

In sum, Plaintiffs agree that certain information can and should be designated as "Confidential" or "Attorneys' Eyes Only" and protected from disclosure as set forth in the protective order. Yet, Plaintiffs will not agree that such information also should be protected from even broader public disclosure by filing it with the Court, if necessary, under seal.

## II.  ARGUMENT AND AUTHORITY

### A.  The Federal Rules Permit the Entry of Protective Orders to Safeguard Confidential Information.

Rule 26 provides that any party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." FED. R. CIV. P. 26(b)(1). However, Rule 26 also provides that upon a showing of good cause, a party may request and the court may enter an order directing that discovery be conducted in such a manner so that trade secret or other confidential information is revealed only in a designated manner. FED. R. CIV. P. 26(c)(7). In crafting a protective order, the court must balance the interest in full discovery contemplated by Rule 26(b)(1) and the interest of protection of confidential information under Rule 26(c)(7). *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992). It is the burden of the party seeking to restrict the use and/or disclosure of information to provide the Court with evidence of the harm sought to be avoided by the

restriction and to demonstrate why good cause exists for the restriction. *See In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

B.  **Good Cause Exists for Entry of a Protective Order Due to the Confidential and Proprietary Information as Issue in this Case.**

As previously discussed, discovery in this case will touch on a whole host of confidential and proprietary information concerning TI's business practices and its employees. *See* discussion, *supra*, at 2. Courts frequently grant protection for the production of sensitive information, such as personnel records and other proprietary business information. *See, e.g., Riley v. Walgreen Co.*, 233 F.R.D. 496, 501 (S.D. Tex. 2005) (ordering production of personnel records subject to confidentiality agreement limiting their disclosure in order to protect employee privacy); *Moore v. CVS Corp.*, 2005 WL 581357, at *1 (W.D. Va. Mar. 11, 2005) (entering protective order to facilitate exchange of personnel files and other personal or confidential information); *Walker v. County of Contra Costa*, 2004 WL 2782870, at *3 (N.D. Cal. Dec. 3. 2004) (requiring personnel files to remain confidential throughout litigation).

Indeed, the parties do not disagree that good cause exists for restricting the disclosure of the confidential information that may be produced in this case. Instead, the parties disagree as to how information designated pursuant to the protective order should be treated if one party wishes to file such information with the Court in an affidavit, brief, or other filing.

C.  **A Provision Requiring the Parties to File Confidential Information Under Seal is Necessary to Effectuate the Purpose of the Protective Order.**

Paragraph 13 of the Protective Order, requiring "Confidential" and "Attorneys' Eyes Only" information to be filed under seal is part and parcel to the protective order. The purpose of a protective order is to prevent confidential information from broad disclosure to persons other than those with a need to review the information in connection with prosecuting or defending the litigation. Permitting a party to openly file any information with the Court,

without regard to its confidentiality, would undermine the very safeguards a protective order is intended to provide. Indeed, the United States District Court for the Western District recognized the need to protect confidential information from public filing by including a provision identical to Paragraph 13 of TI's proposed Protective Order in its form protective order. *See* Western District Form Protective Order at ¶ 11, attached hereto as Exhibit "F"; *see also Allstate Ins. Co. v. Receivable Fin. Co.*, No. Civ. A. 3:01-cv-2247-N, 2003 WL 22220670, at *3-4 (N.D. Tex. Sept. 25, 2003) (prohibiting filing confidential information in public record and ordering that such information instead be provided to judge and parties separately); *In re Norplant Contraceptive Prods. Liability Litigation*, MDL No. 1038, 1995 WL 116134, at *8 (E.D. Tex. Feb. 22, 1995) (entering protective order requiring confidential documents required in connection with motions under Rule 12 or 56 to be filed under seal).

Based on the arguments set forth in Plaintiffs' counsel's June 15, 2006 correspondence, it appears that Plaintiffs' concern with TI's proposed protective order is that it would permit TI to seal whatever it wants and unnecessarily shield documents that contain information not entitled to protection. Quite the contrary, Paragraph 13 of the proposed protective order expressly states that only information designated as "Confidential" or "For Counsel Only" may be filed under seal. Paragraphs 11 and 12 also limit the types of information that may be designated as "Confidential" or "For Counsel Only" to only certain sensitive information not already in the public domain.

Plaintiffs also proposed that situations where a party wishes to file confidential information with the Court should be dealt with on an individual basis. *See* June 15, 2006 Correspondence, Ex. C. Notably, the proposed protective order already provides this mechanism. Specifically, Paragraph 10 of the proposed protective order, which is identical to Paragraph 9 of the Western District's Form Protective Order, permits either party to object to

the designation of information as "Confidential" or "For Counsel Only" at any stage in the litigation. Thus, if Plaintiffs believe TI is improperly shielding certain information that should be made publicly available, it has the ability to object to the designation. If such an objection is sustained, the information will no longer be restricted and may be either un-sealed or filed with the Court either with redactions or without restriction. If, on the other hand, the Court were to find the information properly designated as "Confidential" or "For Counsel Only," disclosure of such information must be limited to the terms in the Protective Order, which necessitates filing it under seal.

### III. CONCLUSION

Accordingly, the Court should grant TI's Motion for Entry of Protective Order, attached as Exhibit A, and submitted separately for the Court's signature.

Dated: July 27, 2006    Respectfully submitted,

**FISH & RICHARDSON P.C.**

By: /s Elizabeth M. Bedell
Stephen E. Fox
Texas Bar No. 07337260
Thomas M. Melsheimer
Texas Bar No. 13922550
Robert L. Rickman
Texas Bar No. 24013400
Elizabeth M. Bedell
Texas Bar No. 24045469

1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: 214-747-5070
Telecopy: 214-747-2091

Of Counsel:
Theresa A. Couch
Texas Bar No. 04875700
Sarah A. Donch
Texas Bar No. 24002003

**Counsel for Defendant,
TEXAS INSTRUMENTS INCORPORATED.**

## CERTIFICATE OF CONFERENCE

I hereby certify that, as discussed herein, I contacted David Watsky, Plaintiffs' counsel of record, and he indicated that Plaintiffs are opposed to the relief sought herein.

/s Elizabeth M. Bedell
Counsel for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served, *via facsimile*, upon Plaintiffs' counsel of record, David K. Watsky, GILLESPIE, ROZEN, WATSKY, MOTLEY & JONES, P.C., 3402 Oak Grove Avenue, Suite 200, Dallas Texas 75204, on this the 27th day of July, 2006.

/s Elizabeth M. Bedell
Counsel for Defendant