**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **WILFORD VOGT, JAMES P.** | § | |
| **GAUTHIER, HUMBERTO REYNA, JR.,** | § | |
| **for themselves and all others similarly** | § | |
| **situated,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **Civil Action No. 3:05-CV-2244-L** |
| **v.** | § | |
| | § | |
| **TEXAS INSTRUMENTS, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to the District Court's *Order of Reference,* filed May 15, 2006, the following

pleadings were referred to the undersigned United States Magistrate Judge for hearing, if necessary,

and for determination:

(1)    Plaintiffs' *Motion to Facilitate § 216(b) Notice and Brief in Support Thereof* ("Mot."), filed February 13, 2006;

(2)    *Appendix to Motion to Facilitate § 216(b) Notice and Brief in Support Thereof*, filed February 13, 2006;

(3)    *Defendant's Response in Opposition to Plaintiffs' Motion to Facilitate § 216(b) Notice and Brief in Support* ("Resp."), filed April 7, 2006;

(4)    *Defendant's Appendix in Support of its Response in Opposition to Plaintiffs' Motion to Facilitate § 216(b) Notice and Brief in Support*, filed April 7, 2006;

(5)    *Plaintiffs' Reply to Defendant's Response in Opposition to Plaintiffs' Motion to Facilitate § 216(b) Notice* ("Reply"), filed May 9, 2006;

(6)    *Supplemental Appendix in Support of Plaintiffs' Reply to Defendant's Response in Opposition to Motion to Facilitate § 216(b) Notice*, filed May 9, 2006;

(7)    *Defendant's Motion to Strike and Objections to New Evidence in Plaintiffs'*

*Supplemental Appendix in Support of Plaintiffs' Reply to Defendant's Response in Opposition to Plaintiffs' Motion to Facilitate § 216(b) Notice and Brief in Support* ("Mot. to Strike"), filed May 23, 2006;

(8)     *Defendant's Motion for Leave to File Surreply in Opposition to Plaintiffs' Motion to Facilitate § 216(b) Notice and Brief in Support*, filed May 23, 2006, and;

(9)     *Plaintiffs' Response to Defendant's Motion to Strike and Motion for Leave to File Surreply* ("Resp. to Mot. to Strike"), filed June 9, 2006.

## I.     BACKGROUND

This is a putative collective action suit by current and former employees to recover unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiffs work as Manufacturing Specialists in specialized production rooms ("cleanrooms") in Defendant's Dallas, Texas, manufacturing facility. (Mot. at 3; Resp. at 1.) In addition to the Dallas facility, Defendant also has manufacturing facilities in Sherman, Texas; Stafford, Texas; and Tucson, Arizona. (Resp. at 2.) The manufacturing facilities are sub-divided into several production units ("fabs"). (Mot. at 2.) Plaintiffs allege that Defendant requires the employees in its fabs to work "compressed" shifts, which officially change every twelve hours, but employees who work "compressed" shifts are paid for eleven and one-half hours per day. (Mot. at 3-4.) Plaintiffs allege that prior to reporting to their work stations at their scheduled start time, Manufacturing Specialists and Equipment Engineering Technicians in the fabs are required to go to the locker area to remove their street shoes and don cleanroom shoes. (Mot. at 3.) They are then to proceed to the gowning area, where they put on a hairnet, wash their hands, put on a cleanroom suit, a hood, and gloves, and pass through an air shower. *Id.* Only then do they report to their work station and their official work day begins. *Id.* Plaintiffs also claim that after the end of their official shift, they are required to remain at their work stations for twelve minutes for a "pass down" briefing with the next shift.

-2-

(Mot. at 4.)  Plaintiffs assert that they are not paid overtime for the time spent gowning before the shift and in the "pass down" briefing after the shift, in violation of the FLSA.  *Id.*

## II.   MOTION TO FACILITATE § 216(b) NOTICE

### A.   *Requirements for § 216(b) Notice*

The FLSA provides that a suit may be instituted by "one or more employees for and in behalf of himself or themselves and other employees similarly situated" to recover unpaid overtime compensation and liquidated damages from employers who violate the statute's overtime provisions. 29 U.S.C. § 216(b).  This type of collective action follows an "opt-in" procedure in which "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."[1]  *Id.*

Under the FLSA, courts have discretion to allow a party asserting claims on behalf of others to notify potential plaintiffs that they may choose to "opt-in" to the suit.  *See Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989).  Although the Fifth Circuit has not adopted a specific standard to be used in determining the propriety of class certification under the FLSA, it has recognized the two-stage approach used by many courts.  *See Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).[2]  The two-stage approach involves a "notice" stage and a "decertification" stage, and different evidentiary thresholds apply at each stage.  *Id.*  At the "notice" stage, a plaintiff files a motion to authorize notice of the lawsuit to potential class members.  *Id.*  The evidentiary standard

---

[1]Section 216(b) actions differ from FED. R. CIV. P. 23 class actions in that the members of the class are permitted to "opt-in" rather than "opt-out" of the class.  *See Mooney, et al. v. ARAMCO Servs. Co., et al.*, 54 F.3d 1207, 1212 (5th Cir. 1995).  Rule 23 and § 216(b) class actions are "mutually exclusive and irreconcilable", and those who choose not to opt-in to a class action under § 216(b) are not bound by, and may not benefit from, the judgment. *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288-89 (5th Cir. 1975).

[2]Although *Mooney* addressed the collective action procedure under the Age Discrimination in Employment Act ("ADEA"), it applies in the FLSA context because the ADEA explicitly incorporates 29 U.S.C. § 216(b).  *Villatoro v. Kim Son Restaurant, L.P.*, 286 F. Supp. 2d 807, 809 n.7 (S.D. Tex. 2003).

at this stage is lenient, requiring "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan. . . ." *Id.* at 1214 n. 8. However, courts are mindful that they have a "responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation." *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266-67 (D.Minn. 1991). If the motion is granted, the district court will conditionally certify the class so that putative class members are given notice and the opportunity to "opt-in" to the lawsuit. *Id.* at 1214. The action then proceeds as a representative action throughout discovery. *Id.* Once discovery is complete, the case proceeds to the second stage of litigation, in which the court re-visits the issue of certification, usually when the defendant files a motion to decertify the class. *Id.*

### 1.   <u>Members of the conditional class</u>

Plaintiffs seek authorization to serve notice on all current and former employees of Defendant who have been and/or are employed as Manufacturing Specialists of Equipment Engineering Technicians working compressed shifts in cleanroom facilities from November 15, 2002 to the present, to permit such individuals to "opt-in" to the putative class pursuant to 29 U.S.C. § 216(b). (Reply at 1.) Defendant does not contest Plaintiff's request that notice be given to all Manufacturing Specialists who work compressed shifts in cleanrooms at the Dallas, Texas, facility but does contest notice to other employees.

In determining whether a plaintiff in an FLSA action has met his burden to provide sufficient evidence that he is similarly situated to the intended notice recipients, courts have looked to the similarity of the job requirements and pay provisions and at whether the putative class members appear to be possible victims of a common policy or plan. *See Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 238 (N.D.N.Y. 2002); *Butler v. San Antonio*, 2003 WL 22097520, at *1 (W.D. Tex. Aug. 21, 2003). Other courts have looked to whether potential plaintiffs were identified,

whether affidavits of potential plaintiffs were submitted, and whether evidence of a widespread discriminatory plan was submitted.  *H & R. Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999).

Here, Defendant contends that Plaintiffs have not provided sufficient evidence to show that they are similarly situated to Equipment Engineering Technicians such that notice should also be given to that group.  (Resp. at 8-11; Surreply at 2-4.)  Defendant notes that none of Plaintiffs has worked as an Equipment Engineering Technician.  Defendant provides affidavits of several its supervisors who attest to the fact that Equipment Engineering Technicians do not smock up until after their shift start time.  (App. to Resp. at 7, 9, 11, 15, 17, 25, 29, 31, 33, 60.)

Because Plaintiffs have not provided affidavits of any current or former Equipment Engineering Technicians to attest to their job requirements, and because Defendant has provided numerous affidavits from persons with knowledge testifying that the job requirements of Equipment Engineering Technician are substantially different from those of Manufacturing Specialist, the Court does not find that Plaintiffs have met their burden to show that these two groups of employees are similarly situated.[3]  Therefore, notice shall only issue to Manufacturing Specialists who work

---

[3]Plaintiffs filed a supplemental appendix to their reply brief which contained new evidence concerning the EET job requirements without seeking leave of court.  The local rules do not permit do not permit a party to submit additional evidence with a reply brief, and a movant desiring to submit additional evidence in support of a motion must first seek leave of court.  *Dethrow v. Parkland Health Hospital System*, 204 F.R.D. 102, 103-04 (N.D. Tex. 2001) (citations omitted).  "[W]here a movant has injected new evidentiary materials in a reply without affording the nonmovant an opportunity for further response, the court still retains the discretion to decline to consider them."  *Spring Industries, Inc. v. American Motorists Ins. Co.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991).  For this reason, the Court **GRANTS** Defendant's motion to strike the supplemental appendix.

The Court notes that even if not stricken, the supplemental declaration of Vogt would still be inadmissible for lack of personal knowledge.  *See White v. MPW Industrial Services, Inc.*, 236 F.R.D. 363, 369 (E.D. Tenn. 2006)(despite the relaxed evidentiary standards at the notice stage, an affidavit in support must be based on the personal knowledge of the affiant); *see also Harrison v. McDonald's Corp.*, 411 F. Supp.2d 862, 865-66 (S.D. Ohio 2005) ("[O]nly admissible evidence may be considered in connection with a [Section] 216(b) motion.").  While Vogt's supplement declaration states that certain Equipment Engineering Technicians in the Plasma and Thin Film sections of the DFAB were required to smock up prior to their shift start time and unsmock after the end of their shift, (Supp. App. at 5.), it does not state whether Vogt had personal knowledge of the practices pertaining to Equipment Engineering Technicians and contradicts affidavits of persons who did have personal knowledge.

compressed shifts in a cleanroom.

## 2.      Geographic scope of notice

Plaintiffs seek to have notice sent to employees at all four of Defendant's facilities in the United States.  (Mot. at 8.)  Defendant asserts that notice should be limited to Manufacturing Specialists at the Dallas, Texas, facility.  (Resp. at 11; Surreply at 4.)  As noted above, Plaintiffs are required to provide evidence supporting their claim that potential class members are similarly situated to Plaintiffs.  *See* 29 U.S.C. § 216(b); *Mooney*, 54 F.3d at 1213-14.

Plaintiffs have provided no evidence showing that the shift requirements at the Stafford, Texas; Tucson, Arizona; and Sherman, Texas, facilities are similar to those at the Dallas location.[4] Accordingly, Plaintiffs have not met their burden to demonstrate that the Manufacturing Specialists at those locations are similarly situated to Plaintiffs, and notice will therefore not be given to those employees.

In conclusion, the Court conditionally certifies the class of all current and former Manufacturing Specialists working compressed shifts in cleanroom facilities at Defendant's Dallas facility, from November 15, 2002, through the present.  The Court emphasizes that the record is incomplete, so this Court cannot make a definitive determination as to whether the putative class members are similarly situated.  After the potential opt-in plaintiffs have filed their Notices of Consent, the District Court may consider any motion filed by Defendant to decertify the class.

## B.      *Language of Notice*

After considering the parties' positions with respect to the notice language and the District

---

[4]The Court notes that Plaintiffs submitted the Gauthier Supplemental Declaration in their supplemental appendix, wherein Gauthier states that he was required to smock up prior to his shift's official start time and was required to remain at his work station for a pass down briefing after the official end of his shift during his tenure at the Sherman facility.  (Supp. App. at 1-2.)  However, Gauthier left the Sherman, Texas facility approximately one year before the relevant period; his declaration does not address the class period.  Accordingly, even the Court had considered the declaration, such consideration would not alter the outcome.

Court's *Memorandum Opinion and Order and Preliminary Injunction*, the Court approves the attached form of notice to be sent to the conditionally certified class.

**C.     Discovery**

To facilitate the collective adjudication of this action, Plaintiffs ask that Defendant be ordered to provide Plaintiffs' counsel with a "computer-readable data file containing the names, last known addresses, phone numbers and Social Security numbers for all non-exempt employees employed as Manufacturing Specialists and Equipment Engineering Technicians from November 15, 2002 to the present." (Mot. at 21.) Defendant objects that the requested discovery invades employees' privacy. (Resp. at 22-25.) Defendant requests that notice be limited to the names and last known addresses of potential class members. *Id.*

The Court agrees with Defendant's concerns regarding the privacy of its employees. At this stage, Plaintiffs have not demonstrated a need for locating information beyond names and addresses. Therefore, by October 10, 2006, Defendant shall provide to Plaintiffs a list of the names and last known addresses (in electronic form) of all current and former Manufacturing Specialists in Defendant's Dallas facility. By October 24, 2006, Plaintiffs, through their counsel, shall send the attached notice and consent form to these individuals by first class mail. If any notices are returned to Plaintiffs' counsel because the contact information is inaccurate, Plaintiffs may petition the District Court to order Defendant to produce the phone numbers and/or Social Security numbers of those potential opt-in plaintiffs. The consent forms must be postmarked by December 29, 2006, and filed with the Court by January 12, 2007.

### III.     CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiffs' *Motion to Facilitate § 216(b) Notice and Brief in Support*

*Thereof*, filed February 13, 2006, is **GRANTED,** in part, and **DENIED,** in part, and the Court conditionally certifies the class of all current and former Manufacturing Specialists working compressed shifts in cleanrooms at Defendant's Dallas facility, from November 15, 2002, through the present. It is further

**ORDERED** that Defendant shall provide to Plaintiffs a list of the names and last known addresses (in electronic form) of all current and former Manufacturing Specialists working compressed shifts in cleanrooms in Defendant's Dallas facility by October 10, 2006.  It is further

**ORDERED** that Plaintiffs, through their counsel, shall send the attached notice and consent form to the putative opt-in plaintiffs by first class mail, by October 24, 2006.  It is further

**ORDERED** that the consent forms must be postmarked by December 29, 2006, and filed with the Court by January 12, 2007.  It is further

**ORDERED** that *Defendant's Motion to Strike and Objections to New Evidence in Plaintiffs' Supplemental Appendix in Support of Plaintiffs' Reply to Defendant's Response in Opposition to Plaintiffs' Motion to Facilitate § 216(b) Notice and Brief in Support*, filed May 23, 2006, is **GRANTED.**  *Defendant's Motion for Leave to File Surreply in Opposition to Plaintiffs' Motion to Facilitate § 216(b) Notice and Brief in Support*, filed May 23, 2006, is therefore **DENIED AS MOOT**.

**SO ORDERED**, on this 19th day of September, 2006.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

<u>**IMPORTANT NOTIFICATION TO POTENTIAL CLASS MEMBERS**</u>

**TO:**  **ALL CURRENT OR FORMER EMPLOYEES OF TEXAS INSTRUMENTS, INCORPORATED ("TI"), WHO HAVE BEEN ANS/OR CURRENTLY ARE EMPLOYED AS MANUFACTURING SPECIALISTS WORKING COMPRESSED SHIFTS IN CLEANROOM FACILITIES LOCATED IN DALLAS, TEXAS, AT ANY TIME SINCE NOVEMBER 15, 2002.**

**FROM:**  **GILLESPIE, ROZEN, WATSKY, MOTLEY & JONES, P.C.**

**RE:**  **RIGHT TO JOIN A LAWSUIT SEEKING TO RECOVER UNPAID OVERTIME COMPENSATION**

**DATE:**   [Plaintiffs' counsel shall insert the date that the notice is mailed.]

**1.  PURPOSE OF NOTICE**

The purpose of this Notification is to inform you of the existence of a collective action lawsuit in which you may be eligible to participate because you may be "similarly situated" to the named Plaintiffs. This Notification is also intended to advise you how your rights under the federal Fair Labor Standards Act ("the Act") may be affected by this lawsuit, and to instruct you on the procedure for participating in this lawsuit, should you decide that it is appropriate and you choose to do so.

**2.  DESCRIPTION OF THE LAWSUIT**

A lawsuit has been brought by Wilford Vogt, James P. Gauthier, and Humberto Reyna, Jr. ("named Plaintiffs") against TI in the United States District Court for the Northern District of Texas as Cause No. 3:05-CV-2244-L. The lawsuit alleges that TI failed to provide overtime compensation as required by the Act. Plaintiffs' lead counsel in this case are:

David K. Watsky and Hal Gillespie
GILLESPIE, ROZEN, WATSKY, MOTLEY & JONES, P.C.
3402 Oak Grove Ave., Suite 200
Dallas, Texas 75204
Telephone:   (214) 720-2009
Facsimile:   (214) 720-2291
email: David Watsky at <u>watsky@grwlawfirm.com</u>
or Jim Sanford at <u>jsandford@grwlawfirm.com</u>

Generally, the overtime provisions of the Act require that, for all hours over forty hours per week that an employee works, the employer must compensate the employee at the rate of one and one-half times his or her regular hourly rate, unless that employee is properly classified as "exempt" from t he overtime provisions of the Act. The named Plaintiffs claim that during one or more weeks of their employment with TI, they worked in excess of forty hours, but were not paid overtime at t he rate of on and one-half times their hourly rate for the hours they worked in excess of forty.

Specifically, the named Plaintiffs allege that (1) they were not paid for the time spend donning and doffing the required cleanroom suit; (2) they were not paid for time spent walking to and from their work stations; and (3) they were not paid for time spend in required "pass down" briefings at the end of their regularly scheduled shifts.  Plaintiffs are suing to recover unpaid overtime compensation for the period from November 15, 2002 to the present.

TI denies the named Plaintiff's allegations.

## 3.      COMPOSITION OF THE CLASS

The named Plaintiffs seek to sue on behalf of themselves and also on behalf of other employees with whom they are similarly situated.  Those individuals that the named Plaintiffs allege are similarly situated are current and former employees of TI who have been and/or currently are employed as Manufacturing Specialists working compressed shifts in TI's cleanroom facilities located in Dallas, Texas and Sherman, Texas at any time since November 15, 2002.

This Notification is only for the purpose of determining the identity of those persons who wish to be involved in this case and has no other purpose.  Your right to participate in this suit may depend upon a later decision by the United States District Court that you and the representative Plaintiffs are actually "similarly situated."

## 4.      YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT

If you fit the definition above, that is, you were or currently are employed as a Manufacturing Specialist and worked/work a compressed shift in one of TI's cleanrooms located in Dallas, Texas, at any time from November 15, 2000, you may have a right to participate in this lawsuit.

You may file a consent form to seek to participate in this lawsuit even if you did or did not keep records of you hours worked.

## 5.      HOW TO PARTICIPATE IN THIS LAWSUIT

Enclosed you will find a form entitled "Notice of Consent" ("Consent Form").  If you choose to join this lawsuit and, thus, participate in any recovery that may result from this lawsuit, **it is extremely important that you read, sign, and return the Consent Form**.

The signed Consent Form must bey postmarked by December 29, 2006.  If your signed Consent Form is not postmarked by December 29, 2006, you will not participate in any recovery obtained against TI in this lawsuit.  If you have any questions about filling out or sending in the Consent Form, please contact Plaintiffs' counsel listed on page one of this notice.

## 6.      NO RETALIATION PERMITTED

The Act prohibits an employer from discharging, or in any manner discriminating or retaliating against an employee for taking part in a case of this type.  If you believe that you have been penalized, discriminated against, or disciplined in any way as a result of your receiving this

notification, considering whether to join this lawsuit, or actually joining this lawsuit, you should contact Plaintiffs' counsel immediately.

## 7.      EFFECT OF JOINING THIS SUIT

If you choose to join in this lawsuit, you will be bound by the judgment, whether it is favorable or unfavorable.  You will also be bound by, and will share in, any settlement that may be reached on behalf of this class.

By joining this lawsuit, you designate the named Plaintiffs as your agents to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning fees and costs, and all other matters pertaining to this lawsuit.  These decisions and agreements made and entered into by the representative Plaintiff will be binding on you if you join this lawsuit.

The named Plaintiffs in this matter have entered into a contingency fee agreement with Plaintiffs' counsel, which means that if there is no recovery, there will be no attorneys' fees or costs chargeable to you.  If there is a recovery, Plaintiffs' counsel will receive a part of any settlement obtained or money judgment entered in favor of all members of the class.  You may request a copy of the contingency fee agreement executed by the named Plaintiffs in this matter from Plaintiffs' counsel at the address, telephone number, facsimile number, or email address that appear on page one of this notice.

## 8.      NO LEGAL EFFECT IN NOT JOINING THIS SUIT

 If you choose not to join this lawsuit, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable to the class.  You will not be entitled to share any amounts recovered by the class.  You will be free to file your own lawsuit, subject to any defenses that might be asserted.  The pendency of this lawsuit will not stop the running of the statute of limitations as to any claim you might have until you opt-in to it.

## 9.      FURTHER INFORMATION

Further information about this Notification or the lawsuit may be obtained from Plaintiffs' counsel at the address, telephone number, facsimile number, or email address identified on page one of this notice.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **WILFORD VOGT, JAMES P.** | § | |
| **GAUTHIER, HUMBERTO REYNA, JR.,** | § | |
| **for themselves and all others similarly** | § | |
| **situated,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **Civil Action No. 3:05-CV-2244-L** |
| **v.** | § | |
| | § | |
| **TEXAS INSTRUMENTS, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## CONSENT TO JOIN

I understand that I may be eligible to join this lawsuit filed by current and/or former employees of Defendant to recover unpaid overtime wages and liquidated damages.

I hereby authorize the prosecution of this Fair labor Standards Action action in my name and on my behalf by Wilford Vogt, James Gauthier, and Humberto Reyna, Jr., the "Representative Plaintiffs." I designate the Representative Plaintiffs as my agents to make decisions on my behalf concerning this litigation, including the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

I understand that the Representative Plaintiffs have entered into a contingency fee agreement with the law office of Gillespie, Rozen, Watsky, Motley & Jones, P.C., which applies to all plaintiffs who join the lawsuit. I understand that I may obtain a copy of the contingency fee agreement on request. By choosing to join this lawsuit, I agree to be bound by the contingency fee agreement.

By choosing to join in this lawsuit, I understand that I will be bound by the judgment, whether it is favorable or unfavorable. I will also be bound by, and will share in, any settlement that may be negotiated on behalf of all Plaintiffs and approved by the Court.

I acknowledge and understand that if I had chosen not to join this lawsuit, I would not be affected by any judgment rendered or settlement reached in this lawsuit, whether favorable or unfavorable.

I hereby consent to join this lawsuit.


_____          _____
Signature                                        Date


PLEASE PRINT OR TYPE THE FOLLOWING INFORMATION:


Name:_____
Any other Name(s) used or known by:_____
Mailing Address:_____
City, State, and Zip Code:_____
Daytime Telephone:_____
Evening Telephone (optional):_____
Cellular Telephone (optional):_____
Email Address (optional):_____